{¶ 53} I dissent from the opinion of the majority in that I would deny the motion for summary judgment. Basic contract law provides that a party is bound to a contract at the time they enter an irrevocable promise to perform, not at the time of performance. McCarthy, Lebit,Crystal, Haiman Co., L.P.A. v. First Union Mgmt. (1993),87 Ohio App.3d 613, 622 N.E.2d 1093. The majority argues that since both parties were not bound by the agreement to extend credit, credit was not extended until the closing date. However, the appellants in this case have *Page 29 
made an irrevocable offer to finance the purchase for the appellees in the option, and were bound by that agreement, including all included terms, [3] at the time it was signed. This was prior to the closing. The only parties not bound by the contract were appellees. Appellants were forced to provide the financing by the terms of the contract at the time the contract was signed, not when performance by the buyer was completed. Parties are not permitted to repudiate a promise merely because they later are dissatisfied with the agreement. Robert W. ClarkM.D., Inc. v. Mt. Carmel Health (1997), 124 Ohio App.3d 308,706 N.E.2d 336. Thus, by the time appellants had even constructive knowledge of the corporate identities of appellees, they were already bound and could not terminate the contract. If they had tried, they would have been in breach of contract. To hold as the majority does is to ignore the term irrevocable in the contract and find that appellants could have chosen to terminate the contract at any time prior to the closing. Therefore, I dissent and would find that appellants were bound to provide credit at the terms specified in the sales contract at the time they entered into the irrevocable option contract, not at the time of performance. For this reason, I respectfully dissent.
[3] The terms of credit, although provided in the main agreement, were explicitly incorporated into the option contract and thus, appellant was bound to those terms when the irrevocable option contract was signed. *Page 1